UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60460-CIV-SINGHAL

KARLI HENION,

     Plaintiff,

v.

CHRISTOPHER RODRIGUEZ, et
al.,

     Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike Plaintiff's Untimely Response (DE [162] (the "**First Motion**")) and Defendants' Motion to Strike Plaintiff's Unauthorized Response (DE [163] (the "**Second Motion**," and together with the First Motion, the "**Motions**")).  The First Motion asks the Court to strike Plaintiff's Response to the Defendants' Omnibus Motion in Limine (DE [159] (the "**Response to Defendants' Motion in Limine**")), which Plaintiff filed out of time by just less than six months.  Likewise, the Second Motion urges the Court to strike Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion to Strike the Expert Testimony of Roy R. Bedard (DE [160] (the "**Response to Defendants' Motion to Strike**")), which Plaintiff filed nearly eight months late after filing a timely response in December 2025. *See* (DE [114] (Plaintiff's initial Response to Defendants' Motion to Strike the Expert Testimony of Roy R. Bedard)).  Plaintiff opposes, seeking a post hoc extension of time to file the responses, and Defendants double down in reply.  (DE [165], [167]).

Defendants' Motions focus on Plaintiff's failure to obtain an extension of time to file the untimely responses.  *See generally* (DE [162], [163]).  And as it concerns Plaintiff's

Response to Defendants' Motion to Strike, Defendants further argue that the Local Rules require same be stricken as an unauthorized "additional memorand[um] . . . filed . . . without prior leave of Court." (DE [163] at 3 (quoting Local Rule 7.1(c)(1)).  To be sure, Federal Rule of Civil Procedure 6(b)(1)(B) requires out-of-time filers to demonstrate "excusable neglect" to obtain an extension of time.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  Accordingly, the Court may accept Plaintiff's out-of-time filings only if she demonstrates excusable neglect.

But just what is "excusable neglect"?  Some time ago, the Supreme Court construed that phrase in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Court explained that "neglect" means "to leave undone or unattended to *especially through carelessness*."  *Id.* (brackets omitted and emphasis original) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)).  "The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Id.*  Consequently, the excusable neglect standard "permit[s] [courts], where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness."  *Id.*

Although *Pioneer* examined "excusable neglect" in the bankruptcy context, its construction was driven by the phrase's ordinary meaning and has since been adopted by the Eleventh Circuit in a variety of contexts.  *See United States v. Beaufils*, 160 F.4th 1147, 1170–71 (11th Cir. 2025) (*Pioneer*'s construction of "excusable neglect" extended to Federal Rule of Civil Procedure 60(b), Federal Rule of Appellate Procedure 4(a)(5),

and Federal Rule of Criminal Procedure 45(b)(1)(B)) (collecting cases).  Accordingly, the Court applies *Pioneer* and its Eleventh Circuit progeny here.

"[A] court analyzing a claim of excusable neglect must make an equitable decision when considering whether or not to excuse a party's negligence in failing to meet a deadline, taking into account all relevant circumstances as to what led to that party's failure."  *Id.* at 1170.  The Court is guided by the following factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [late filer], and whether the [late filer] acted in good faith."  *Id.* (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996)).

Plaintiff demonstrates excusable neglect.  Critically, Defendants fail to demonstrate genuine prejudice, highlighting only indirect prejudice to the extent this Court does not treat Defendants' Motion in Limine (DE [124]) as unopposed and considers substitute argument opposing Defendants' Motion to Strike (DE [106]).  The Court is not swayed by these arguments, particularly since Defendants are themselves recent beneficiaries of this Court's refusal to grant whole cloth Plaintiff's unopposed Motion in Limine.  *See* (DE [161] (independently scrutinizing and denying much of Plaintiff's unopposed Motion in Limine).  To scrutinize Plaintiff's unopposed motion and then strike Plaintiff's belated responses—as Defendants urge the Court to do—smacks of a certain inequity.

The late filings have not impacted the proceedings, either.  The Court has not yet resolved either the Motion to Strike (DE [106]) or Motion in Limine (DE [124]) and consideration of Plaintiff's responses (DE [159], [160]) will not upset the trial date.

3

And although Plaintiff's delay is her fault, the Court discerns no bad faith or circumstances warranting an order striking her late responses.   As it concerns Defendants' Motion to Strike, Plaintiff *did* timely respond.  *See* (DE [114]).  The problem is that she now—nearly eight months later—seeks to substitute that response.  Although her more recent filing is unquestionably late, it was filed relatively shortly after Plaintiff's current counsel appeared.  And it was only *after* current counsel appeared that Plaintiff could have filed the current Response to Defendants' Motion to Strike.  Because the Court discerns no bad faith, no undue delay since Plaintiff's current counsel appeared, and the Court perceives that it will be better aided in resolving Defendants' Motion to Strike (DE [106]) by Plaintiff's Response to Defendants' Motion to Strike than by Plaintiff's initial response filed in December 2025, the Court finds excusable neglect as to that filing.

Turning to Plaintiff's Response to Defendants' Motion in Limine, the delay was unquestionably within Plaintiff's control.  Discerning no bad faith, the Court perceives that Plaintiff's prior counsel—like Defendants—unwisely opted to not respond to the motion in limine.   Now—after hiring new counsel—Plaintiff hopes to remedy that imprudent decision.  And because the Court independently scrutinized Plaintiff's unopposed Motion in Limine, it also declines to prevent Plaintiff's good-faith attempt to respond to Defendants' pending Motion in Limine.  *See* (DE [161]).  Indeed, Plaintiff's belated response will assist the Court in accurately resolving these issues before trial, and therefore benefits not only Plaintiff, but also the Court and the administration of justice.  Accordingly, the Court extends *nunc pro tunc* Plaintiff's deadlines to respond to Defendants' Motion to Strike (DE [106]) and Motion in Limine (DE [124]) and accepts both the Response to Defendants' Motion in Limine (DE [159]) and the Response to Defendants' Motion to Strike (DE [160]) as timely filed.

4

Finally, Local Rule 7.1(c)(1) does not preclude Plaintiff's Response to Defendants' Motion to Strike.  Although that rule forbids "further or additional memoranda" after the timely memoranda is filed unless the filer obtains "prior leave of Court," Fed. R. Civ. P. 7.1(c)(1), the Court's decision to grant Plaintiff's post hoc motion for extension of time to file her Response to Defendants' Motion to Strike is itself the necessary "prior leave of Court."  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Motions (DE [162], [163]) are **DENIED**;

2. Plaintiff's deadlines to file her Response to Defendants' Motion in Limine (DE [159]) and Response to Defendants' Motion to Strike (DE [160]) are **EXTENDED** *nunc pro tunc* to July 17, 2026; and

3. Plaintiff's Response to Defendants' Motion in Limine (DE [159]) and Response to Defendants' Motion to Strike (DE [160]) are **ACCEPTED** as timely filed;

4. Defendants' deadlines to reply to Plaintiff's Response to Defendants' Motion in Limine (DE [159]) and Response to Defendants' Motion to Strike (DE [160]) are **ABBREVIATED** to **August 3, 2026**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of July 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

5